J-S11036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
BENJAMIN PETER SPACE :
:
Appellant : No. 1342 WDA 2024

Appeal from the Judgment of Sentence Entered March 26, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000605-2022

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: May 28, 2025**

Benjamin Peter Space ("Space") appeals from the judgment of sentence imposed following his convictions for one count of aggravated assault, one count of recklessly endangering another person ("REAP"), and two counts of simple assault.[1] We affirm.

The trial court summarized the factual and procedural history as follows:

> This case stems from an altercation between Space and the victim, which resulted in the victim being struck with a baseball bat. As a result, the Commonwealth charged Space with two counts of aggravated assault, one count of [REAP], and two counts of simple assault.
>
> [The matter went to trial before a jury, with only four Commonwealth witnesses, including the victim, testifying. Prior to closing arguments, Space requested the trial court charge the jury with the standard suggested missing evidence jury instruction, Pa.SSJI (Crim) § 3.21B, and self-defense, § 9.501. The trial court heard arguments from both parties before denying

---

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(1), 2705(a), 2701(a)(1), 2701(a)(2).

the request. **See** N.T. (Jury Trial), 11/16/23, at 171-80, 184-91. Following the trial court's denial of Space's request, he did not make any specific exceptions on the record. Further, Space did not object after the trial court issued its closing instructions to the jury. **See** N.T., 11/27/23, at 237.]

After a two-day trial, a jury found Space guilty of all charges except one of the aggravated assault charges. [On March 26, 2024, t]he court sentenced Space to [eighty to one hundred and sixty] months' incarceration.

[On April 5, 2024,] Space timely filed a three-part post-sentence motion: motion for judgment of acquittal on the grounds that the evidence was insufficient to support the verdict; motion for new trial on the ground that the verdict is against the weight of the evidence; and a motion to modify sentence to waive his ineligibility for the state drug treatment program. The court conducted a hearing on July 30, 2024, and ordered the parties to file briefs. After reviewing the briefs filed by Space and the Commonwealth, the court denied the post-sentence motion on [October 1], 2024.

Trial Court Opinion, 12/12/24 at 1-2 (unnecessary capitalization omitted).

Space subsequently filed a notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925(b).[2]

---

[2] In the current action, Space timely filed a post-sentence motion on April 5, 2024. **See** Pa.R.Crim.P. 720(A)(1). The parties and the trial court agreed to several extensions of the 120-day period for decision on Space's post-sentence motion. **See** Pa.R.Crim.P. 720(B)(3)(b). However, the clerk of courts failed to enter an order deeming the motion denied upon the expiration of the 120-day period, or any extended period. **See** Pa.R.Crim.P. 720(B)(3)(c). Instead, the trial court ruled on the motion on October 1, 2024, which was outside the 120-day period, and the period during which the trial court granted an extension. Space appealed within thirty days of that order. **See** Pa.R.A.P. 903(a). Ordinarily, the appeal would be untimely. Nevertheless, this Court has held that a court breakdown occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c), and a breakdown in
*(Footnote Continued Next Page)*

Space raises the following issues for our review:

1. Did the trial court [err] by denying [Space's] motion for judg[]ment of acquittal on the grounds that the evidence presented was not legally sufficient to support the verdicts?

2. Did the trial court [err] in denying [Space's] motion for new trial on the grounds that the guilty verdict is against the weight of the evidence?

3. Did the trial court [err] in denying [Space's] request to charge the jury with instruction 3.21B of the Pennsylvania Suggested Standard Criminal Jury Instructions?

4. Did the trial court [err] in denying [Space's] request to charge the jury with instruction 9.501 of the Pennsylvania Suggested Standard Criminal Jury Instructions?

Space's Brief at 5-6 (unnecessary capitalization omitted).

In his first claim, Space argues that "the evidence presented was not legally sufficient to support the verdicts." *Id*. at 5. Before we address the merits of Space's sufficiency claim, we must first consider whether he has preserved it for our review.

It is well-established that "any issues not raised in a [Rule] 1925(b) statement will be deemed waived" for appellate review. *See Commonwealth*

_____

the processes of the court grants this Court jurisdiction over an untimely appeal. *See Commonwealth v. Flowers*, 149 A.3d 867, 872 (Pa. Super. 2016) (explaining breakdown in court operation granted this Court jurisdiction over untimely appeal); *see also Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (recognizing this Court's power to grant relief in the case of a breakdown in the processes of the court); *Commonwealth v. Perry*, 820 A.2d 734 (Pa. Super. 2003) (holding clerk of court's failure to follow the criminal rules constitutes a breakdown in the court process). Accordingly, we decline to quash the appeal.

- 3 -

***v. Lord***, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. ***See Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa. Super. 2001) (explaining that "a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all"); ***see also Commonwealth v. McCree***, 857 A.2d 188, 192 (Pa. Super. 2004) (stating "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review") (citation omitted).

With respect to sufficiency challenges, our Courts have implemented strict requirements for the specific information which must be contained within the concise statement in order to preserve a sufficiency claim for our review. As this Court has explained:

> If [an appellant] wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Rule] 1925(b) statement [] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). "Such specificity is of particular importance in cases where . . . appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (citation omitted). Further, in relation to deficient sufficiency challenges in a Rule 1925(b) concise statement, waiver applies even where the trial court addresses the issue in its Rule 1925(a) opinion and where the Commonwealth does not object to the defective Rule 1925(b) statement. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008) (stating "[t]he Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim") (citations omitted).

Here, Space's court-ordered Rule 1925(b) statement simply includes a blanket statement asserting that "[t]he trial court err[ed] by denying [Space's] motion for judg[]ment of acquittal pursuant to Pa.[]Crim.P. 606 on the ground that the evidence presented was not legally sufficient to support the verdicts." Space's Matters Complained of on Appeal, 11/21/24, at unnumbered 1 (unnecessary capitalization omitted).

We note that the Commonwealth failed to object to the aforementioned defect in the 1925(b) statement. We also see that the trial court's opinion addressed the topic of sufficiency.

However, following our review, we are constrained to conclude that Space's Rule 1925(b) statement fails to "specify the element or elements upon which the evidence was insufficient" to support Space's conviction. *Tyack*, 128 A.3d at 260 (citation omitted). As a result, Space's sufficiency of the evidence claim is waived on appeal. *See Williams*, 959 A.2d at 1257-58.

In his second issue, Space contends that the jury's verdict was against the weight of the evidence.[3] As our Supreme Court has explained:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

---

[3] We note that, in his brief, Space only addresses whether the Commonwealth established his intent to cause serious bodily injury as it relates to the aggravated assault conviction. Therefore, it is our interpretation that his weight claim only relates to the aggravated assault conviction.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (2000) (citations and footnote omitted).

An appellant must preserve a claim that the conviction is against the weight of the evidence with the trial court by making a motion for a new trial. Pennsylvania Rule of Criminal Procedure 607(A) provides an appellant three ways to preserve the issue: "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3).

It is an appellant's duty to present arguments that are sufficiently developed for our review, and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. **See** Pa.R.A.P. 2119(a) (providing that the argument shall be followed by the discussion and citation of pertinent authorities).

Here, Space preserved his weight claim in his post-sentence motion. However, Space does not address his weight claim in his appellate brief. While the argument section of Space's brief includes a section entitled, "Sufficiency and Weight of the Evidence," which signaled that Space intended to discuss both his sufficiency and weight claims in the same section of his brief — in

violation of our appellate rules,[4] our review of this section of Space's brief discloses no discussion whatsoever of his weight claim. ***See*** Space's Brief at 8-13. Indeed, Space does not discuss the weight of the evidence in his argument or support his discussion with authorities discussing the weight of the evidence. ***See*** Pa.R.A.P. 2119(a). Further, Space points to no facts of record that are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. Nor does he explain how the trial court abused its discretion in denying his weight claim.[5]

Instead, Space devotes this section of his brief entirely to his sufficiency claim, which we have deemed waived. To the extent that Space focuses his weight claim on the sufficiency of the evidence establishing his intent to cause serious bodily injury, his argument conflates a challenge to the sufficiency of the evidence with a challenge to the weight of the evidence. As explained above, in presenting a claim that the verdict is against the weight of the evidence, the appellant is required to concede that there is sufficient evidence

---

[4] We note with disapproval that Space does not separately discuss his sufficiency and weight of the evidence challenges in different sections of his brief, as required by our appellate rules. ***See*** Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein").

[5] The trial court, in denying Space's weight claim, concluded that the verdict was consistent with the evidence presented, and "[was]sufficient for [the] jury to find [Space] guilty of the aforementioned charges without shocking the conscience." Trial Court Memorandum, 9/30/24, at 8.

to sustain the verdict. **See Widmer**, 744 A.2d at 751-52. Thus, arguments relating to the insufficiency of the evidence have no bearing on a weight of the evidence analysis. Moreover, this Court's review of a weight challenge is limited to a review of the trial court's exercise of discretion in ruling on the weight claim. Consequently, since Space has failed to explain how the trial court abused its discretion in ruling on his weight claim, we conclude the issue is waived.

In his final two issues, Space claims that the trial court erred by denying his request to include two proposed instructions in its jury charge. Before we address the merits of Space's claims regarding the jury instructions, we must determine if he has preserved them for appeal.

It is well-established that "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." **Commonwealth v. Olsen**, 82 A.3d 1041, 1050 (Pa. Super. 2013) (citation omitted); **see also Commonwealth v. Pressley**, 887 A.2d 220, 225 (Pa. 2005) (holding that "the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points") (footnote omitted); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised before the trial court are waived and cannot be raised for the first time on appeal").

Space asserts that the trial court erred by omitting Pa.SSJI (Crim) §§ 3.21B and 9.501 from its jury charge. ***See*** Space's Brief at 13, 15.

Here, the record shows that Space did not preserve these issues for our review by making a timely and specific objection in the trial court. Indeed, Space did not raise any objections at the jury charging instructions conference after the trial court denied his request to include these two instructions, nor after the trial court instructed the jury. ***See*** N.T. 11/16/23, at 171-80, 184-91; ***see also*** N.T., 11/17/23, at 237. Therefore, Space has waived his challenges to the omission of these jury instructions on appeal. ***See*** ***Pressley***, 887 A.2d at 225; ***see also Olsen***, 82 A.3d at 1050; Pa.R.A.P. 302(a). Accordingly, no relief is due.

Having found all of Space's appellate issues waived, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/28/2025